IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TERRICK L. THOMPKINS,**

    **Petitioner,**

v.                                                           **No. 21-cv-0005 KWR/SMV**

**DWAYNE SANTISTEVAN,**

    **Respondent.**

### PRO SE PRISONER CASE MANAGEMENT ORDER

THIS MATTER is before the Court sua sponte. The Court has received and docketed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1], docketed on January 4, 2021. Petitioner must include the case number, **21-cv-0005 KWR/SMV**, on all papers filed in this proceeding.

Petitioner must comply with the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Petitioner is obligated to keep the Court advised of any changes in Petitioner's mailing addresses. Failure to keep the Court informed of Petitioner's correct address may also result in dismissal of the case or other sanctions. *See* D.N.M.LR-Civ. 83.6.

Because Petitioner is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Whenever a prisoner brings a proceeding seeking habeas corpus

relief, the Court is obligated to screen the prisoner's petition. Rule 4 states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b)(1). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Petitioner should avoid filing unnecessary motions. Requests for service of process, entry of default, discovery, expansion of the record, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213–14 (2007). If the Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, expansion of the record, and scheduling.

Petitioner should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Petitioner is not to send any mail directly to the assigned district judge or the assigned magistrate judge. Petitioner also should not make telephone calls to or ask to speak to the assigned district judge, the assigned magistrate judge, or the judges' staff, nor should Petitioner ask family members or friends to do so.

Pending before the Court is Petitioner's Motion to Hold in Abeyance [Doc. 4], docketed on March 19, 2021. Petitioner generally asks the Court to hold his § 2254 Petition in abeyance so that he may modify, supplement, or amend his Petition, and so that he may exhaust claims he wants to raise in state court. *Id.* at 1. The Court will deny Petitioner's Motion to hold his Petition in abeyance. Petitioner does not state how he intends to modify, supplement, or amend his Petition,

or what claims he wishes to exhaust in state court, nor does he explain why any such claims were not exhausted prior to filing his § 2254 Petition or were not raised in his original filing. The Court will deny Petitioner's Motion to Hold in Abeyance without prejudice.

    **IT IS THEREFORE ORDERED** that Petitioner's Motion to Hold in Abeyance [Doc. 4] is **DENIED**.

    **IT IS FURTHER ORDERED** that this Case Management Order governs proceedings in this case until further order of the Court.

    **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**