IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRICK L. THOMPKINS,
        Petitioner,

                                                  No. 2:21-cv-0005 KWR/DLM

DWAYNE SANTISTEVAN, *et al.*,
        Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on United States Magistrate Judge Damian L. Martínez's Proposed Findings and Recommended Disposition (PFRD) filed January 22, 2024. (Doc. 30.) Judge Martínez finds that Thompkins's sole remaining sufficiency of the evidence claim is meritless and recommends denying the amended petition. (*See id.* at 1, 13.) He further recommends denying Thompkins's request for an evidentiary hearing. (*Id.* at 13.)

The PFRD notified the parties of their ability to file objections no later than 14 days after the PFRD was filed. (*Id.* at 14.) Respondents filed a notice of non-objection. (Doc. 31.) Thompkins filed a one-page letter and asserts his belief that the outcome of his trial might have been different if his doctors from the Veterans Administration (VA) had testified on his behalf. (*See* Doc. 32.) Thompkins failed to otherwise specifically object to the PFRD. (*See id.*)

"A party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has made "a de novo determination of those portions of the [PFRD] . . . to which" Thompkins has objected. *See also* Fed. R. Civ. P. 72(b)(3). Considering Thompkins's letter and

having conducted a de novo review of the record, the Court will overrule Thompkins's objection and adopt the PFRD.

As explained in the PFRD, Thompkins's sufficiency claim is governed by the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979). (*See* Doc. 30 at 7–8.) Under *Jackson*, "sufficient evidence exists to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Matthews v. Workman*, 577 F.3d 1175, 1183 (10th Cir. 2009) (quoting *Jackson*, 443 U.S. at 319). "Because the [New Mexico Supreme Court] applied the *Jackson* standard in deciding [Thompkins's] sufficiency claim on direct review, [this Court's] task is limited by AEDPA to inquiring whether [the New Mexico Supreme Court's] application of *Jackson* was unreasonable." *See Matthews*, 577 F.3d at 1183 (citing *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008)).

Judge Martínez found, and the Court agrees, that the New Mexico Supreme Court correctly applied the *Jackson* standard to Thompkins's sufficiency of the evidence claim on direct review. (*See* Doc. 30 at 12 (citing Doc. 14-1 at 256).) In reviewing Thompkins's sufficiency of the evidence claim, the Court is "precluded from considering evidence not before the [New Mexico Supreme Court]." *See Hooks v. Workman*, 689 F.3d 1148, 1167 (10th Cir. 2012) (citing *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011)). Accordingly, the Court may not consider whether the jury's verdict would have been different had Thompkins called his doctors from the VA.

Having reviewed the record de novo, the Court agrees with Judge Martínez's analysis and conclusion that the New Mexico Supreme Court reasonably applied the *Jackson* standard. (*See* Doc. 30 at 13.) The Court overrules Thompkins's objection and will adopt the PFRD.

**IT IS THEREFORE ORDERED** that the PFRD (Doc. 30) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Thompkins's amended 28 U.S.C. § 2254 petition (Doc. 24) is **DENIED with prejudice**.

The Court will enter a final order concurrently with this order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE